# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

VANCE W.,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

Civil No. 20-17377 (RMB)

**OPINION**

**APPEARANCES**

Adrienne Freya Jarvis
800 North Kings Highway, Suite 304
Cherry Hill, New Jersey 08034

    *On behalf of Plaintiff*

Erica Marie Adams
Social Security Administration
Office of the General Counsel
300 Spring Garden Street, 6th Floor
Philadelphia, Pennsylvania 19123

    *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon an appeal filed by Plaintiff Vance

W. seeking judicial review of the final determination of the Commissioner of the

Social Security Administration (the "Commissioner" and the "SSA," respectively),

which denied Plaintiff's applications for Social Security benefits. For the reasons set forth herein, the Court will affirm the decision of the Administrative Law Judge ("ALJ").

## I.     PROCEDURAL HISTORY

On December 1, 2017, Plaintiff protectively filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the "Act"), alleging an onset date of disability beginning September 1, 2013. [R. at 12.] The claim was first denied on January 30, 2018, and again denied upon reconsideration on May 22, 2018. [*Id.*] On June 7, 2018, Plaintiff filed a written request for a hearing before an ALJ. [*Id.*] That hearing took place on October 22, 2019. [*Id.*] Plaintiff was represented by Adrienne F. Jarvis, an attorney, at that hearing, at which the ALJ heard testimony from Plaintiff and impartial vocational expert Louis P. Szollosy. [*Id.*]

On December 20, 2019, the ALJ issued a decision denying Plaintiff's claim for benefits. [R. at 12–26.] Plaintiff requested Appeals Council review of that decision, which was denied by the Appeals Council on October 14, 2020, rendering the ALJ's decision final. [R. at 1.] Plaintiff now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019); 42

U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Albert Einstein Med. Ctr. v. Sebelius*, 566 F.3d 368, 372 (3d Cir. 2009).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. *See Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. *Hess*, 931 F.3d at 208 n.10 (citing *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i–v). The claimant bears the burden of proof at steps one through four, whereas the Commissioner bears the burden of proof at step five. *Hess*, 931 F.3d at 201. Recently, the Third Circuit described the ALJ's role in the Commissioner's inquiry at each step of the analysis:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. *Id.* Otherwise, the ALJ moves on to step two.

> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.

> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations." [*Smith v. Comm'r of Soc. Sec.*], 631 F.3d [632, 634 (3d Cir. 2010)]. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.

> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] . . . age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

*Hess*, 931 F.3d at 201–02 (some alterations omitted).

## III.   FACTUAL BACKGROUND

The Court recites only the facts that are necessary to its determination on appeal, which is narrow. Plaintiff, who was born on October 3, 1979, was 33 years old on the alleged onset date and 40 years old at the time of his administrative hearing on October 22, 2019. [*See* R. at 12, 24.] He has a GED. [R. at 47.]

### A.   The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in gainful activity since December 1, 2017. [R. at 14.]

At step two, the ALJ found that Plaintiff suffered from the following severe impairments:

the residuals of fractures of the right tibia and fibula with an intramedullary rod in place, a history of recurrent pulmonary embolus, disc herniation of the cervical spine, disc bulging of the lumbosacral spine, chondromalacia of the right knee, chronic pain syndrome, myositis, a disorder of the respiratory system, the residuals of a myocardial infarction, status-post stenting of the right coronary artery, and obesity." major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), and bipolar disorder. [*Id.*] She also suffers from numerous physical impairments, which the ALJ determined not to be severe: lower back pain (lumbar spine impairment

5

and cervical spine impairment), disc bulges, asthma, migraines, gastroparesis, and obesity.

[R. at 14–16.]

At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." [R. at 16.]

At step four, the ALJ found that, during the relevant period, Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 416.967(a) except he is limited to frequent reaching bilaterally with the upper extremities, front and side. He can do occasional reaching overhead, and frequent fingering and handling. He can occasionally climb ramps/stairs, but never climb ropes/ladders/scaffolds. He can occasionally balance, stoop, kneel, crouch and crawl. He should avoid concentrated exposure [to] extreme cold/heat, wetness, humidity, dusts, gases, odors, fumes, poor ventilation and pulmonary irritants. He should not work at unprotected heights, around exposed moving mechanical parts, or operate dangerous heavy machinery or equipment, such as that which cuts-tears-crushes-shears-punctures in its operations.

[R. at 16–24.] The ALJ also found that Plaintiff "has no past relevant work." [R. at 24.]

At step five, the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." [*Id.*] Specifically, the ALJ adopted the VE's testimony that Plaintiff could perform the following occupations: sorter (DOT # 521.687-086), production worker (folder) (DOT # 685.687-014), and mail clerk (addresser) (DOT # 209.587-010). [R. at 25.]

Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, since December 1, 2017, the date the application was filed." [*Id.*]

## IV.   DISCUSSION

Plaintiff raises a single argument in support of remanding this case: that "substantial evidence does not support the ALJ's finding that [Plaintiff] could perform the sitting that 'sedentary' work requires because the ALJ did not give legally sufficient reasons for rejecting chiropractor Dr. Benn's opinions that [Plaintiff] could sit two hours per eight-hour workday and ten minutes without interruption." [Docket No. 11, at 5 (cleaned up).]

It is not disputed that the ALJ's RFC—which indicated that Plaintiff could "perform sedentary work" with no restrictions relating to duration of sitting, [*see* R. at 16]—implicitly concluded that Plaintiff could sit for up to six hours per workday and two hours without interruption. *See* SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996) ("In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals."). However, Plaintiff's chiropractor, Dr. Benn, checked off boxes on a form indicating that Plaintiff could only sit for two hours **total** per workday, and for no more than ten minutes at a time. [R. at 1174.] Plaintiff argues that "the

ALJ did not give legally sufficient reasoning for rejecting Dr. Benn's more restrictive opinions about sitting," which warrants remand. [Docket No. 11, at 6 (cleaned up.)].

The ALJ explicitly addressed Dr. Benn's form and pointed to specific reasons for rejecting it. [R. at 21.] Most importantly, the ALJ determined that Dr. Benn's conclusion was "not consistent with the preponderance of the evidence, which indicates that [Plaintiff] can do sedentary work with postural and environmental limitations [and] . . . does not show significant limitations sitting." [*Id.*] For instance, the ALJ considered the opinion of a state agency medical consultant, who "reviewed the record at the request of the Administration . . . and stated that, in an eight-hour workday, [Plaintiff] could sit for a total of about six hours." [R. at 22.] The ALJ also considered a slew of other medical opinions and evidence, none of which aligned with Dr. Benn's assertion that Plaintiff could not sit for six hours in a workday. [*See* R. at 16–24.] The ALJ also considered Dr. Benn's opinion to be "internally inconsistent because [Dr. Benn] said that [Plaintiff] could lift and carry as much as 50 pounds, but can hardly sit, stand or walk." [R. at 21.]

The Court concludes that the ALJ's decision regarding Plaintiff's ability to sit for six hours per workday, up to two hours at a time, meets the low threshold on appeal of being supported by substantial evidence. *See Hess*, 931 F.3d at 208 n.10. Importantly, the ALJ clearly stated all of the evidence upon which he relied and explicitly provided the reasons that he deemed Dr. Benn's opinion "not persuasive." [R. at 21.] Therefore, the Court rejects Plaintiff's argument that the ALJ's decision was not supported by substantial evidence.

8

## V.    CONCLUSION

For the reasons expressed above, the Court will affirm the ALJ's decision. An

accompanying Order shall issue.


<u>January 31, 2022</u>                    <u>s/Renée Marie Bumb</u>
Date                                     Renée Marie Bumb
                                         United States District Judge